UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80168-CANNON

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

GEORGE ANTHONY III,

    *Defendant.*

_____

**UNITED STATES' SENTENCING MEMORANDUM**

The United States agrees with the recommended sentence of up to one year of probation with at least six months being completed before Defendant George Anthony III can request termination upon satisfaction of restitution. *See* ECF No. 34 at ¶ 8; ECF No. 43 at 3. This recommendation is based on consideration of the 18 U.S.C. § 3553(a) factors, and specifically in this case, the history and characteristics of the Defendant, the nature of the offense ($20,000 Paycheck Protection Program ("PPP") fraud), sentences for similarly situated defendants (thirteen other Broward Sheriff's Office ("BSO") deputies who were sentenced for similar conduct), and the need for general and specific deterrence and respect for the law. Additionally, the Defendant cooperated with this Office and provided information that is leading to a successful prosecution of the coconspirator who helped him and two other BSO deputies apply for fraudulent PPP loans.[*]

    A.    *History and Characteristics*

By all information available to the United States, the Defendant's false statements to receive PPP loans is an outlier from his general character traits. He had been a public servant for a significant

---

[*] The coconspirator has proffered with this Office and the parties are working towards charging by information.

amount of time but will no longer have that privilege due to his criminal conduct.

    B.    *Nature of the Offense*

This is a serious offense. The PPP was a lifeline to failing businesses affected by a once-in-a-century public health crisis. For every fraudulent loan extracted from the government, there is a real business on the other end that could not get that money. Moreover, frauds in general take a tremendous outlay of resources to prosecute—even with acceptance. While the total loss amounts rarely diminish the amount of work that goes into investigating and prosecuting a fraud case, here, the Defendant's relatively lower $20,380 loss amount weighs only in favor of the Defendant in so much as it mitigates the level of greed attributable to the crime.

    C.    *Similarly Situated Defendants*

To date, the United States has charged nineteen other BSO deputies. Three have been tried—two found guilty by juries and one scheduled for retrial (hung jury). The remainder have pleaded guilty and have either been sentenced or are awaiting sentencing. Below is a chart of the sentenced BSO defendants, as of the date of this filing, for this Court's reference. The chart is organized by length of sentence.

| Case No. | Plea or Trial | Loss Amount | Sentence |
|---|---|---|---|
| 23-60203-CR-Bloom (Cohn) | Trial | $31,108 | 7 months' imprisonment, 3 years' supervised release, $2,000 fine. |
| 24-60003-CR-Williams | Plea | $168,248.41 | 10 months' home confinement, 5 years' supervised release, $5,500 fine, and 500 hours of community service |
| 23-60193-CR-Huck | Plea | $42,052.13 | 5 years' probation, 8 months' home confinement |
| 23-60172-CR-Martinez | Plea | $33,607 | 5 years' probation |
| 23-60182-CR-WPD | Plea | $44,839 | 3 years' supervised release with 6 months' home confinement |
| 23-60171-CR-Bloom | Plea | $61,978.66 | Time served, 3 years' supervised release, 6 months' home confinement |
| 23-60169-CR-Altman | Plea | $43,985 | 3 years' probation with 60 days home confinement |

2

| | | | |
|---|---|---|---|
| 23-60191-CR-Bloom | Plea | $20,832 | 2 years' probation |
| 23-60185-CR-Moore | Plea | $18,792.98 | 2 years' probation |
| 23-60189-CR-Moore | Plea | $20,810 | 2 years' probation |
| 23-60184-CR-Altman | Plea | $18,332 | 2 years' probation |
| 23-60174-CR-Williams | Plea | $19,790 | 1 year probation and 100 hours community service |
| 23-60197-CR-Smith | Plea | $36,040 | 1 year probation |

Based on the above chart, the recommended sentence for the Defendant is within the lower band of sentencing of one to two years of probation; but based on his quick acceptance and cooperation against his coconspirator, the Defendant should receive the recommended sentence of 1 year of probation.

D. *Deterrence and Respect for the Law*

Specific deterrence is accomplished by the conviction and the attendant loss of the Defendant's career in law enforcement. General deterrence is supported by these same factors; but the substantial outlay in resources needed to catch one fraud, no matter the loss amount, would militate in favor of harsher punishments than those necessary to specifically deter a defendant from future conduct. This is because the public needs to have an unwavering respect for the law that is created by serious punishments for criminal conduct. Nevertheless, because of this Defendant's cooperation and otherwise decent life as a public servant, undersigned counsel believes that the recommended sentence is sufficient but not greater than necessary in this case.

## Conclusion

PPP fraud was a serious offense committed against struggling members of the public during a time of crisis. Accountability for false statements made to the United States out of greed is necessary. Here, the Defendant has owned his conduct and has provided information that is leading to justice in

the prosecution of an individual responsible for over $400,000 in fraudulent loans. Because of his quick acceptance and proffer of helpful information, the United States is recommending a sentence of 1 year of probation with at least six months being completed before Defendant can request termination upon satisfaction of restitution.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

BY:     **Trevor C. Jones**
        TREVOR C. JONES
        Assistant United States Attorney
        Fla. Bar No. 0092793
        500 E. Broward Blvd., 7th Floor
        Fort Lauderdale, Florida 33394
        Tel: (786) 564-9109
        Trevor.Jones@usdoj.gov